UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|   |   |
|---|---|
| LYNN A. LAROCHE,<br>    Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner,<br>Social Security Administration,<br>    Defendant. | C.A. No. 15-226-M-LDA |

## ORDER

Ms. Lynn A. LaRoche raises three issues in her appeal of the Commissioner's decision finding her not disabled at the time of her application date: (1) whether the Administrative Law Judge properly determined that she performed substantial gainful activity ("SGA") during the period at issue; (2) whether the ALJ properly characterized Ms. LaRoche's past relevant work; and (3) whether the ALJ was required to obtain medical expert testimony.

Ms. LaRoche was thirty-one years old as of the ALJ's decision. (ECF No. 15 at 25). She is a high school graduate who participated in special education classes while in school. (*Id.* at 18). She worked as a kitchen aide at Charlesgate Assisted Living Program from 2003 until 2012. (*Id.* at 25, 46, 312, 340). Ms. LaRoche suffers from learning disabilities, attention deficit disorder, affective disorder, and anxiety-related disorder. (*Id.* at 18).

The ALJ issued the decision under the five-step sequential evaluation process, finding at Step 1 that Ms. LaRoche had engaged in SGA from May 17, 2010, her amended alleged onset date, through February 22, 2012, but that her work after that date did not rise to the level of SGA. (*Id.* at 16-18). At Steps 2 and 3, the ALJ found that Ms. LaRoche's learning disability, borderline intellectual functioning, attention deficit disorder, affective disorder, and anxiety-

related disorder were severe impairments, but that they did not meet or medically equal the requirements of any per se disabling impairment under the regulatory Listing of Impairments. (*Id.* at 18-22). The ALJ then determined that Ms. LaRoche retained the residual function capacity ("RFC") to perform the full range of work at all exertional levels, but with additional non-exertional limitations of: avoiding concentrated exposure to pulmonary irritants such as dust, fumes, and gases; and limiting her work to simple, routine, repetitive tasks on a sustained basis over a normal 8-hour workday, in a stable work environment, that involved no more than simple decision making and would not require one to perform complex or detailed tasks. (*Id.* at 22). At Step 4, the ALJ found that Ms. LaRoche had not established that she could not perform her past relevant work as a kitchen worker/dining room attendant/dietary aid. (*Id.* at 25). The ALJ went on to make an alternative finding at Step 5 that Ms. LaRoche could perform jobs existing in significant numbers in the national economy, including assembly and inspecting jobs. (*Id.* at 26).

Accordingly, the ALJ concluded that Ms. LaRoche was not disabled from the amended alleged onset date of May 17, 2010, through March 12, 2014, the date of the ALJ's decision. (*Id.* at 27). She appealed this decision to the Appeals Council, who affirmed the ALJ's decision and now that the decision is final, appeals the denial of benefits to this Court.

I.  **ANALYSIS**

Judicial review is statutorily limited to whether the Commissioner's findings are supported by substantial evidence. 42 U.S.C. § 405(g); *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999). The court "must uphold the [Commissioner's] findings . . . if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion." *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981). Thus, the court "must affirm the [Commissioner's final decision], even if the record could justify

a different conclusion, so long as it is supported by substantial evidence." *Rodriguez Pagan v. Sec'y of Health & Human Servs.*, 819 F.2d 1, 3 (1st Cir. 1987).

### A. The ALJ properly determined that Ms. LaRoche engaged in SGA

The parties agree that Ms. LaRoche engaged in SGA during the relevant period, with wages of $12,488.81 in 2010, $12,688.82 in 2011, and $3,141.24 in 2012 (ECF No. 15 at 16).[1] Ms. LaRoche argues, however, that the ALJ erred when he failed to consider first whether her earnings were "subsidized," and second whether the figures were affected by the usage of sick, vacation, or other personal earnings.

Regarding the first point of error, the Court finds that Ms. LaRoche's assertion that the ALJ ignored this contention is inaccurate. (*Id.* at 16-17). Prior to her alleged onset date of disability, Ms. LaRoche worked successfully at Charlesgate as a kitchen worker until October 2007 when she was assigned additional duties that turned her minimal step job into a multi-step job. (*Id.* at 17). She received help from Goodwill Industries and a job coach from October 2007 until June 2008 and was performing well and working full time. (*Id.*). The ALJ noted Ms. LaRoche's testimony and that of her mother about her struggles at work, but she continued her employment at Charlesgate without a negative employment review.

According to April 2010 vocational rehabilitation records, Ms. LaRoche sought help finding a new job because "[h]er boss [wa]s always coming down on her and she ha[d] been doing work outside of her job position. She also ha[d] been told time and time again that she would be given the opportunity to learn other cooking positions but ha[d] never been given the chance." (*Id.* at 17, 349-350). The record does not show that her employment at Charlesgate was at risk due to any performance issues. (*Id.*) She did not receive any job coaching from that

---

[1] As the ALJ noted, for 2010 and 2011, the threshold for SGA was $1,000.00 per month, and the threshold in 2012 was $1,010.00 per month. (ECF No. 15 at 16).

3

point in May 2010 until she left her job at Charlesgate. She testified that she quit the job at her mother's urging after being mistreated by her co-workers and boss. (*Id.* at 47-49). She worked for one week in June 2012 as a hotel housekeeper but could not keep up with the work. (*Id.* at 63-64). She sought help from Goodwill Industries in August 2012, completed a vocational evaluation, and successfully completed a twelve-week retail and customer service-training program.

The ALJ considered vocational rehabilitation counselor Wheeler Clemons' statement that Ms. LaRoche could not maintain her housekeeper job or any other stable employment. (*Id.* at 17, 460). He rejected it because other than the fact that she did not have a job at that time, the record does not support Mr. Clemon's assessment. She had been continuously employed at Charlesgate from 2003 until February of 2012 and her work had never been poorly reviewed. (*Id.* at 25). The Court agrees with the Commissioner that Ms. LaRoche has failed to show that the ALJ erred in finding that her employment was not subsidized. His determination that she engaged in SGA during her alleged period of disability was based on substantial evidence in the record, specifically her employment records and testimony. Because Ms. LaRoche has not undermined the ALJ's finding on this point, her appeal of the first issue fails.

On the second point, Ms. LaRoche asks the Court to consider the employer-provided earnings verification as evidence that she did not engage in SGA. She argues that these documents show that her total earnings should be reduced by sick, vacation, and personal earnings, and that she received a subsidy of 20 percent based on a work activity questionnaire from Charlesgate that could reduce her total earnings below the level of SGA. (*Id.* at 8, 464-465).

4

This Court reviews the ALJ decision *"solely on the evidence presented to the ALJ."* *Mills v. Apfel*, 244 F.3d 1, 5 (1st Cir. 2001) (emphasis added). Because this document was never submitted to the ALJ, but submitted during the subsequent Appeals Council phase, the Court should not consider it.[2] While the Appeals Council did consider the evidence upon its review, it determined that it would not form a basis for changing the ALJ's decision. (ECF No. 15 at 2). This Court's review of an Appeals Council denial is very limited - it is reviewable only if the Appeals Council articulates an "egregiously mistaken" reason for denying review. *Mills*, 244 F.3d at 5. The Court finds that there has been no evidence presented here that merits such review.

### B. The ALJ properly characterized Ms. LaRoche's past relevant work at Step 4, and even if he did not, his Step 5 findings render any such error harmless

The ALJ determined, based on the record evidence and Ms. LaRoche's testimony, that she could perform her past relevant work in the kitchen and dining room at Charlesgate because that work was unskilled, consisted of simple tasks, and met the additional RFC restrictions he imposed. This decision was in spite of the Vocational Expert's ("VE") opinion at the hearing that Ms. LaRoche could not perform her past relevant work, with the added assumption that multi-tasking was involved. The ALJ found that opinion to be inconsistent with the record because the VE characterized the position as unskilled, the job description only lists simple repetitive tasks, (ECF No. 15 at 25), and Ms. LaRoche described performing these simple tasks

---

[2] Even if the Court considers this additional information, it does not change the Court's decision here. While her employer noted on the work activity questionnaire that she was not as productive as other workers and, on average, did not complete her work in the same amount of time as other employees, this does not provide a definitive basis to proportionally reduce her earnings below the level of SGA. (ECF No. 15 at 464-465). Moreover, in further support of the ALJ's RFC determination, this information shows that Ms. LaRoche completed all her usual duties required for the position without special assistance and reported regularly for work as scheduled. (*Id.*).

in her past employment at the hearing. (*Id.* at 46); *see Santiago v. Sec'y of Health & Human Servs.*, 944 F.2d 1, 5 (1st Cir. 1991) (an ALJ "is entitled to rely upon claimant's own description of the duties involved in her former job"). The Court finds that the ALJ did not err in his past relevant work determination or his assessment of the VE's testimony.

But, in light of that perceived ambiguity, the ALJ chose to move beyond Step 4 and make an alternative Step 5 finding. (ECF No. 15 at 25). "[N]umerous courts across the country have \*\*\* concluded that an ALJ makes no error by reaching alternative findings at steps four and five." *Otero v. Colvin*, No. 14-cv-206-PB, 2015 WL 5089810, at \*7 (D.N.H. Aug. 27, 2015). Where the VE's testimony about Ms. LaRoche's past relevant work was muddy, he was clear in concluding based on the evidence that Ms. LaRoche was not disabled at Step 5 because she could perform jobs existing in the national economy, including assembly positions (with 2,000 jobs regionally and 350,000 nationally) and inspecting positions (with 1,000 regionally and 150,000 nationally). (ECF No. 15 at 26, 83-84). Moreover, Ms. LaRoche does not appear to challenge the ALJ's finding at Step 5; therefore, the Court finds that the ALJ's decision in this regard was based on substantial evidence in the record.

### C. It was within the ALJ's discretion not to obtain medical expert testimony

The regulations provide that an ALJ has the discretion whether to obtain and consider opinions from medical experts in order to determine an applicant's RFC. 20 C.F.R. § 404.1527(e)(2)(iii); 20 C.F.R. § 416.927(e)(2)(iii). In this case, Ms. LaRoche argues that the ALJ should have engaged a medical expert to assist in assessing her mental impairments and their effect on her level of functioning.

In arguing that the ALJ had no expertise backing up his assessment, Ms. LaRoche ignores the medical evidence the ALJ did consider in making his decision. He specifically relied on the

opinions provided by consultative examiners Dr. Parsons, (ECF No. 15 at 481-488), Dr. Pittenger, (*id.* at 515-519), and agency psychological consultants Dr. Warren, (*id.* at 121-123), and Dr. Jacobson, (*id.* at 143-148), finding that they merited signifiant probative value because they were consistent with and supported by the record. (*Id.* at 23-24). It was within the ALJ's discretion to rely on such opinions; moreover, "it is within the Secretary's province to accord greater weight to the report of a medical expert commissioned by the Secretary." *Lizotte v. Sec'y of Health & Human Servs.*, 654 F.2d 127, 130 (1st Cir. 1981); *Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 n. 1 (1st Cir. 1988).

In sum, the ALJ had a plethora of opinions to assist in forming his decision that Ms. LaRoche's mental impairments were not disabling according to the criterion in the regulations. In light of his reliance on those opinions, Ms. LaRoche has failed to show that the ALJ should have obtained the testimony of a medical expert.

## II.  CONCLUSION

Because the ALJ's final decision, finding Ms. LaRoche not disabled or entitled to receive DIB, is supported by substantial evidence, the Commissioner's Motion to Affirm (ECF No. 21) is GRANTED and Ms. LaRoche's Motion to Remand (ECF No. 18) is DENIED.

IT IS SO ORDERED:

John J. McConnell, Jr.
United States District Judge

Date:  March 30, 2016